PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision
### (Supersedes Petition Filed as Docket Entry No. 60

Name of Offender: <u>Charles Anthony Davis</u>    Case Number: <u>3:96-00116-01</u>

Name of Current Judicial Officer: <u>The Honorable Aleta A. Trauger, U. S. District Judge</u>

Name of Sentencing Judicial Officer: <u>The Honorable Thomas A. Higgins, U. S. District Judge</u>

Date of Original Sentence: <u>May 2, 1997</u>

Original Offense: <u>18 U.S.C.§ 2113 (d) Armed Bank Robbery, 18 U.S.C.§ 922 (g)(1) Possession of Firearm by a Convicted Felon and 18 U.S.C. § 924 (a)(2) Possession of Firearm by a Convicted Felon</u>

Original Sentence: <u>125 months' custody and five years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>    Date Supervision Commenced: <u>October 14, 2011</u>

Assistant U.S. Attorney: <u>Brent Hannafan</u>    Defense Attorney: <u>Caryll Alpert</u>

---

### PETITIONING THE COURT

■ To consider the additional information at the revocation hearing, set for August 28, 2013.
☐ To issue a Summons.
☐ To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
　☐ Sealed Pending Warrant Execution
　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ Other (see above)

Considered this 21st day of Aug., 2013,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place: Nashville, TN

Date: August 20, 2013

# ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. <u>60</u>, has been amended as follows:

Violation No. 1 - has been amended to update disposition information for the criminal charge

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation No.</u>    <u>Nature of Noncompliance</u>

1. **<u>The defendant shall not commit another federal, state or local crime.</u>**

   On July 17, 2013, Mr. Davis was arrested by the Oak Grove Police Department in Oak Grove, Kentucky, and charged with Theft by Unlawful Taking. He was released from custody with a $684 bond on July 18, 2013.

   On August 12, 2013, Mr. Davis pled guilty to the charge of Theft by Unlawful Taking in Christian County General Sessions Court and was sentenced to two years unsupervised probation.

2. **<u>The defendant shall not leave the judicial district without the permission of the court or probation officer.</u>**

   Mr. Davis was arrested in Oak Grove, Kentucky, and had not been given permission on July 17, 2013, to travel outside the district.

3. **<u>The defendant shall answer truthfully all inquiries by the probation officer.</u>**

   Mr. Davis left a message for the probation officer on July 17, 2013, to inform that he had been arrested at a Wal-Mart in Clarksville, Tennessee. He stated in the message that he was arrested for trespassing because it was a Wal-Mart where he had previously been arrested for theft and is now on the banned list. He was contacted by the probation officer on July 24, 2013, and questioned about the arrest on July 17, 2013. He initially denied knowing that he was actually arrested under the charge of theft, but later admitted that he was told that he would be charged with items found in his bag. He further admitted that he was arrested in Oak Grove, Kentucky, rather than in Clarksville, Tennessee, as he had stated in his message.

4. **<u>The defendant shall submit to mental health treatment as directed by the United States Probation Office.</u>**

   Mr. Davis failed to report for mental health treatment on July 23, 2013. He has attended all other appointments as scheduled since March 2013.

<u>**Compliance with Supervision Conditions and Prior Interventions:**</u>

Mr. Davis originally began supervised release on May 28, 2008. He was arrested on August 27, 2008, and charged with 2 counts of Burglary, Vandalism and Theft of Property. He was found guilty and sentenced on February 19, 2011, to 4 years custody in the Tennessee Department of Corrections (TDOC). A supervised release violation warrant was issued on January 5, 2009. He was released from TDOC custody to the federal detainer on August 11, 2011. A revocation hearing was held on October 14, 2011, before Your Honor. His supervision was revoked and he was sentenced to time served and returned to the originally ordered term of supervised release.

Mr. Davis was referred for a mental health assessment upon return to supervised release. A mental health assessment was conducted on November 28, 2011. The recommended treatment was individual therapy sessions twice a month and medication management. Mr. Davis has remained in mental health treatment to date, though he has had difficulty attending all appointments as they are scheduled.

Mr. Davis was arrested in Hopkinsville, Kentucky, on January 9, 2012, and charged with two counts of Criminal Mischief, Second Degree, two counts of Theft by Unlawful Taking over $300, and two counts of Theft by Unlawful Taking. The charges originated on August 25, 2008, during the crime spree that lead to his previous revocation. He was convicted of Criminal Mischief Second Degree, two counts of Theft by Unlawful Taking, and Criminal Mischief Second Degree. On June 20, 2012, he was sentenced to three years state probation and ordered to pay $2,259.05 in restitution.

A petition requesting a warrant was submitted to the Court on March 26, 2013, as Mr. Davis had been charged with Aggravated Assault by the Metropolitan Nashville Police Department. It was also reported that he had failed to report for mental health treatment on six occasions. The case was dismissed in Davidson County General Sessions Court on April 5, 2013. Mr. Davis was taken into federal custody after being released from the Davidson County Sheriff's Department. The alleged violation of Aggravated Assault was dismissed on April 8, 2013, and Mr. Davis was released from federal custody.

A petition requesting a warrant was submitted to the Court on August 2, 2013, as Mr. Davis had been charged with Theft by Unlawful Taking by the Oak Grove Police Department. He was arrested on August 12, 2013, and released pending the revocation hearing before Your Honor.

**Update of Offender Characteristics:**

Mr. Davis began receiving Social Security Disability Income in November 2012. When originally convicted, he was ordered to pay restitution in the amount of $751. Mr. Davis has $105 remaining in court ordered restitution. He currently lives with his niece and her family.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that the additional information be considered at the revocation hearing scheduled before Your Honor on August 23, 2013.

This matter has been discussed with the U.S. Attorney's Office, who concurs with the recommendation.

Approved: _____
W. Burton Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. CHARLES ANTHONY DAVIS, CASE NO. 3:96-00116-01

**GRADE OF VIOLATION:** C  
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** PRIOR TO APRIL 30, 2003   VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years (Class B Felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months *U.S.S.G. § 7B1.4(a)* | 8 months |
| SUPERVISED RELEASE: | 5 years minus any term of imprisonment *18 U.S.C. § 3583(h)* | 2-5 years *U.S.S.G. § 5D1.2(a)(1)* | No Recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade C violation, the Court may revoke probation or supervised release; or extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

Joshua Smith  
U.S. Probation Officer

Approved: _____  
W. Burton Putman  
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Charles Anthony Davis

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:96CR00116 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 5 / 2 / 1997
                           *month day year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | new criminal charges | C |
   | leaving the district without permission | C |
   | failure to answer inquiries truthfully | C |
   | failure to report for mental health treatment | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — C

9. **Criminal History Category** *(see §7B1.4(a))* — VI

10. **Range of Imprisonment** *(see §7B1.4(a))* — 8-14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Defendant  Charles Anthony Davis

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) 105              Community Confinement _____
   Fine($) _____                 Home Detention _____
   Other _____                   Intermittent Confinement _____

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: 2 to 5 years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002